IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

A.T., INDIVIDUALLY and as PARENT
AND NATURAL GUARDIAN OF O.T.,
a minor                                    :   CIVIL ACTION
                                           :
        v.                                 :   NO. 17-4983
                                           :
OLEY VALLEY SCHOOL DISTRICT,               :
et al.                                     :

## MEMORANDUM OPINION

**SCHMEHL, J.** /s/ JLS                                    JUNE 20, 2018

Plaintiffs brought this action to recover for injuries minor plaintiff O.T. suffered after defendant Ryan Kline allegedly raped her following a party at the home of Ryan's parents, defendants Beth Stauffer Kline and Michael Kline. Plaintiffs allege that at the time of the alleged rape, O.T. was intoxicated from alcohol that had been purchased and provided by the Klines. Plaintiffs further allege that O.T. was subsequently harassed and bullied about the alleged rape by Ryan Kline's sister and several other students while attempting to attend Oley Valley High School ("OVHS") from November, 2015 until October, 2016. O.T. claims she was forced by the harassment and bullying to transfer to another school district in October, 2016. Plaintiffs claim that officials from defendant Oley Valley School District ("OVSD") failed to take any action to stop the harassment and bullying despite being repeatedly informed of same by the plaintiffs.

In Count I of their Amended Complaint, plaintiffs assert a claim against the OVSD for violation of Title IX of the Education Amendments of 1972 and 42 U.S.C. 1983. Count II asserts a claim against the OVSD for violation of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. Counts III through IX assert

1

various state law claims against the individual defendants. Count X asserts a claim against the OVSD for counsel fees and expenses as the prevailing party in a Due Process matter at ODR Case No. 19422-16-17KE. Presently before the Court is the OVSD's motion to dismiss Counts I and X. For the reasons that follow, the motion is denied.

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must plead sufficient factual allegations that, taken as a whole, state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint satisfies the threshold of facial plausibility if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). *Iqbal* explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 678, 685. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555); see also *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U .S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two part analysis: First, the factual and legal elements of a claim should be separated–the district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions; second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief: a complaint has to "show" such entitlement with its facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

The OVSD seeks dismissal of plaintiff's Title IX claims. However, in doing so, OVSD relies almost solely on cases interpreting the state created danger doctrine rather than on cases construing Title IX. This may be because plaintiffs have styled Count I of their Amended Complaint as a violation of Title IX of the Education Amendments of 1972 and 42 U.S.C.§ 1983. Thus, the OVSD was apparently under the impression that in addition to their Title IX claim, plaintiffs were also asserting a separate claim under 42 U.S.C. §1983 based on the state created danger doctrine.

In its opposition brief, however, the plaintiffs assert that they are not bringing a separate cause of action under 42 U.S.C. §1983, but have cited that statute in Count I because the "Third Circuit has not definitively determined whether Title IX claims can be brought as independent causes of action, or whether Title IX claims must be brought pursuant to 42 U.S.C. §1983." (ECF 14-2. p. 7, n.1 citing *M.S. v. Twin Valley School*

*District*, No. 15-05733 *22-23 (E.D. Pa. June 4, 2016)). This Court in *M.S.* concluded that § 1983 does not offer a remedy for a violation of Title IX. Although the Third Circuit has not expressly addressed whether a Title IX violation is actionable under § 1983, it has held that section 1983 does not provide a remedy for a violation of Section 504 of the Rehabilitation Act. *A.W. v. Jersey City Pub. Sch.*, 486 F. 3d 791, 805-06 (3d Cir. 2007). In reaching its conclusion, the Third Circuit discussed Title IX. *Id.* at 803-805. ("The Rehabilitation Act adopts the scheme of 'remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964"; Title IX offers a remedial scheme that "is almost identical to the Title VI scheme.") Since it is apparent that the Third Circuit will ultimately not allow a claim for a violation of Title IX to be brought under 42 U.S.C. § 1983, any claims brought under section 1983 for a violation of Title IX are dismissed. Likewise, based on plaintiff's representations to the Court, plaintiffs will not be allowed to proceed with a state created danger claim under 42 U.S.C. § 1983.

As for plaintiffs' claims brought directly under Title IX, that Title mandates that no individual, on the basis of sex, "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 638 (1999). Title IX creates an implied private cause of action against a federally funded public school board for sexual discrimination if student-on-student sexual harassment occurs. *Davis*, 526 U.S. at 632. To hold the school board liable for its own conduct in the instance of student-on-student harassment, the plaintiff must demonstrate (1) that the federally funded school acted with "deliberate indifference to known acts of harassment in its program and activities" and (2) that such sexual harassment is so

"severe, pervasive, and objectively offensive" that it effectively prevents the victim from enjoying an educational opportunity or benefit. *Id.* at 633. At a minimum, the deliberate indifference must cause the victim to suffer harassment or cause the victim to be vulnerable to harassment. *Id.* at 645.

To support a Title IX sexual harassment claim, the plaintiff must prove that the alleged "conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimination because of sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). Whether student-on-student sexual harassment rises to the actionable level of "severe and pervasive" depends upon a "constellation of surrounding circumstances, expectations, and relationships . . . including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis*, 526 U.S. at 651 (quoting *Oncale*, 523 U.S. at 82). In *Davis v. Monroe County Board of Education*, the United States Supreme Court recognized that one student sexually harassing another over a five-month period, leading to a decline in the victim's grades, is sufficiently severe and pervasive to survive a motion to dismiss. *Id.* at 653–54.

Plaintiffs allege facts sufficient to demonstrate that O.T. suffered from severe and pervasive sexual harassment. Looking to the "constellation of surrounding circumstances," plaintiffs assert that defendant Ryan Kline's sister and multiple other students consistently bullied, harassed and intimidated O.T. from the time the alleged rape occurred in November of 2015 until October of 2016, when she left the OVSD. (Am. Compl ¶¶ 51-52, 57, 83-88, 134-142, 172-173.) She alleges that the sexual harassment and bullying occurred while she was attending classes and participating in

school activities and sporting events at Oley Valley High School ("OVHS"). (Am. Compl. ¶¶ 137, 140.) The alleged harassment lasted for 11 months as opposed to the five-month period in Davis and was extensive enough that O.T. allegedly made two suicide attempts.(Am. Compl. ¶¶ 61, 105) and was considering a third. (Am. Compl. ¶ 145.) These suicide attempts resulted in O.T. being hospitalized in the psychiatric unit of Lehigh Valley Hospital. (Am. Comp. ¶¶ 63, 106, 146.) She also alleges that as a result of the harassment she could not attend school on a consistent basis in the OVSD from November of 2015 through the end of the 2015-2016 school year and that she had to transfer out of OVSD in October of 2016. (Compl. ¶¶ 62, 75, 85, 92, 106, 128, 146, 165.) She further alleges that she repeatedly reported the harassment and bullying to OVSD officials, including the principal and assistant principal of OVHS, her guidance counselor at OVHS, the director of student Services at OVSD, her field hockey coach, the Athletic Director at OVHS and two music teachers at OVHS, all of whom allegedly failed to take any action. (Am. Compl. ¶¶ 70, 72, 73, 76, 78, 89, 91, 108, 121, 126, 127, 136, 138, 140.) She also alleges that OVSD school officials were aware of her repeated suicide attempts. (Am. Compl. ¶ 64, 107.) She alleges that school officials did not investigate her claims despite the fact that their policies required them to do so. (Am. Compl. ¶¶ 166-167.) Whether these allegations rise to the level of deliberate indifference on the part of the officials can be decided after discovery is completed. For now, these allegations are more than sufficient to survive the OVSD's motion to dismiss.

The OVSD next seeks to dismiss the portion of Count I of the Amended Complaint that OVSD contends sets forth an individual claim by A.T., the parent of O.T., arguing that such claims are prohibited under Title IX. Generally speaking, parents of a

student whose rights were violated do not have standing to assert personal claims under Title IX, but do have standing to assert claims on the student's behalf. *Dipippa v. Union School Dist.*, 819 F. Supp. 2d 435, 446 (W.D. Pa. 2011); *Haines v. Metropolitan Government of Davidson County, Tenn.*, 32 F.Supp.2d 991 (M.D.Tenn.1998); *Doe v. Londonderry School Dist.*, 970 F.Supp. 64 (D.N.H.1997); *Franks v. Kentucky School for the Deaf*, 956 F.Supp. 741 (E.D.Ky.1996); *Burrow By and Through Burrow v. Postville Community School Dist.*, 929 F.Supp. 1193 (N.D.Iowa, 1996). Therefore, although A.T. does not have standing to pursue any personal claims against the OVSD under Title IX, the Court finds that A.T. does have standing to pursue *on behalf of* A.T. the reimbursement for expenses of medical treatment and mental health care for O.T. as a result of the alleged deprivation of rights under Title IX. *Dipippa*, 819 F. Supp. 2d at 446.

Finally, the OVSD also seeks to dismiss plaintiffs' claim in Count X for counsel fees and expenses. In Count X, plaintiffs assert that they were prevailing parties in a Due Process matter at ODR Case No. 19422-16-17 KE. (Am. Compl. ¶ 238.) Plaintiffs seek an award of counsel fees and expenses for all work associated with the litigation of the Due Process matter as well as the litigation of the IDEA, Section 504 matter. (*Id,* at ¶ 241.) Plaintiffs claim they were "compelled to bring their claim for counsel fees and expenses in the present action in order to avoid the bar of claim preclusion theories, i.e. they had an obligation to bring all of their claims against Oley Valley at one time." (ECF 14-2, p. 9.)

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The ADA and Section 504 also provide for an

7

award of fees and costs to prevailing parties. See 42 U.S.C. § 12205; 29 U.S.C. § 794a(b). Therefore, the Court finds that plaintiffs may pursue their Count X claim for attorney fees as prevailing parties on their Special Education Due Process Complaint, IDEA and Section 504 claims.

        An appropriate Order follows.