Gregory A. Smith, Esquire
Smith Mirabella Blake
Suite 303
100 North 20th Street
Philadelphia, Pennsylvania 19103
(215) 422-4100

David G. C. Arnold, Esquire
2200 Renaissance Boulevard, Suite 270
King of Prussia, Pennsylvania 19406
(610) 397-0722

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A.T., Individually and as Parent and Natural Guardian of O.T., a Minor | : | |
| Plaintiffs | : | Civil Action No. 5:17-CV-04983-JLS |
| V. | : | |
| | : | **JURY TRIAL DEMANDED** |
| Oley Valley School District, et. al. | : | |
| Defendants | : | |

### PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT, OLEY VALLEY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT ON DAMAGES

Plaintiffs, A.T. (mother) and O.T. (daughter), by and through their counsel of record, now file the present Brief in accordance this Honorable Court's Order of October 13, 2022, directing the parties to file supplemental briefing regarding the United States Supreme Court's recent decision in Cummings v. Premier Rehab Keller, P.L.L., 142 S.Ct. 1562 (2022). Defendant, Oley Valley School District moved for summary judgment on June 4, 2022, contending that the Supreme Court's holding in Cummings barred all of A.T. and O.T.'s damage claims. (ECF Document No. 129). Defendant, Oley Valley School District will hereinafter be referred to as the "District."

A.T. and O.T seek relief in this action under Title IX of the Education Amendments of 1972 (Count I), Section 504 of the Rehabilitation Act (Count II),[1] and the Americans with Disabilities Act (Count II). See Amended Complaint (ECF Document No. 3). A.T. and O.T. timely responded to the District's Motion on June 28, 2022. (ECF Document No. 133). In their response, A.T. and O.T. noted that they seek compensation in the nature of: (1). Reimbursement for O.T.'s past and future medical, psychiatric, and psychological care; (2). Reimbursement for O.T.'s pain and suffering associated with said treatment; (3). Reimbursement for O.T.'s past and future loss of income; (4). Reimbursement for A.T. and O.T.'s other past and future economic losses; and (5). Counsel fees and related litigation expenses. See Amended Complaint pages 19-23 (ECF Doc. No. 3). The Amended Complaint seeks both economic and non-economic damages. A.T. and O.T.'s Second Amended Pre-Trial Memorandum filed on April 28, 2022, articulates the following economic losses: (1). O.T.'s past medical expenses in excess of $600,000.00; (2). O.T.'s future medical expenses estimated between $1,153,058.00 and $4,976,212.00; (3). O.T.'s future Lost Income/Fringe Benefits estimated between $244,146.00 and $4,047,045.00; and (4). Counsel Fees and related litigation expenses exceeding $900,000.00. See Plaintiffs' Second Amended Pre-Trial Memorandum (ECF Document No. 121). A.T. and O.T. incorporate herein by reference their Brief in Opposition to Defendant, Oley Valley School District Motion for Summary Judgment on Damages. (ECF Document No. 133-2).

This Honorable Court conducted oral argument on the District's Motion on October 13, 2022. At oral argument, this Honorable Court directed supplemental briefing in order to assist it in determining the impact of Cummings on the present case. The District filed its Supplemental Brief on October 27, 2022. (ECF Doc. No. 141). In its Brief, the District reviews the Supreme Court's

---

[1] Hereinafter referred to as the Section 504 Claim.

decision in Cummings, and then asserts that the majority of Courts have applied the Cummings decision to Title IX and ADA cases.

However, the District never analyzes or even discusses the larger dispositive issue, i.e. whether this Honorable Court should dismiss A.T. and O.T.'s entire action under Cummings in light of the fact that they seek compensatory economic damages in addition to their claim for emotional distress. The relief requested in the District's pending Motion should be denied as a matter of law with the exception of A.T. and O.T.'s claim for damages for emotional distress pursuant to Section 504 based on controlling precedent and the persuasive authorities set forth herein. In its attempt to erase decades of controlling caselaw which protects students like O.T. in the school environment, the District vastly and improperly overstates the impact of Cummings on private causes of action brought under Title IX, Section 504, and the ADA.

## ARGUMENT

In Cummings v. Premier Rehab Keller, P.L.L., 142 S.Ct. 1562, a deaf and legally blind patient who sought physical therapy services from a physical therapist who refused to provide a sign language interpreter at her sessions filed suit. The disabled patient sought recovery under Section 504 and the Affordable Care Act. The **only** damages the disabled patient sought were for her "humiliation, frustration, and emotional distress." Id. at 1569.[2] The United States Supreme Court ultimately determined that damages solely for emotional distress could not be recovered under

---

[2] The District Court stated in its decision "The only compensable injuries that Cummings alleged Premier caused were 'humiliation, frustration, and emotional distress.'" Cummings v. Premier Rehab, P.L.L.C., No. 4:18-CV-649-A, 2019 WL 227411, at *5 (N.D. Tex. Jan. 16, 2019), aff'd sub nom. Cummings v. Premier Rehab Keller, P.L.L.C., 948 F.3d 673 (5th Cir. 2020), aff'd, 142 S. Ct. 1562 (2022).

3

Section 504 or the Affordable Care Act. Id. at 1576. The Supreme Court did not hold that economic damages were not recoverable for a violation of Section 504.

In order to assist this Honorable Court in the resolution of the District's pending Motion, undersigned counsel conducted several Westlaw searches in order to determine how other Courts have analyzed the Cummings decision. The last of those searches was conducted on November 10, 2022. According to the search results, the Cummings decision has been cited in thirty-seven (37) Court decisions. Counsel has now reviewed each decision that cited Cummings. The results of Counsel's review is set forth in the following paragraphs.

### I. The State of the Controlling Law in the Third Circuit

At the outset, with exception of Cummings, there is no other precedent binding this Honorable Court regarding A.T. and O.T.'s Section 504 claim. The United States Court of Appeals for the Third Circuit has not decided any case involving Cummings to date. A review of the caselaw also indicates that no other Judge in the United States District Court for the Eastern District of Pennsylvania has issued a decision citing Cummings. Therefore, A.T. and O.T should be allowed to go to trial at least on their economic loss claims under Section 504. The United States Supreme Court has already held that the rest of the damages A.T. and O.T. seek to recover in this matter are recoverable under Section 504. Barnes v. Gorman, 536 U.S. 181 (2002); See also Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. 60, 66-71 (1992). Moreover, the United States Court of Appeals for the Third Circuit held in S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 261–62 (3d Cir. 2013), that a plaintiff can recover compensatory damages when a school district **intentionally** violates Section 504.

Regardless of Cummings, this Honorable Court is bound by existing precedent when considering A.T. and O.T.'s ADA and Title IX claims. The United States Supreme Court has

already held in Franklin, that Courts could award any appropriate relief including compensatory damages for **intentional** violations of Title IX. See Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. at 70-71 and 76 ("In sum, we conclude that a damages remedy is available for an action brought to enforce Title IX." Id. at 76). The United States Supreme Court came to the same conclusion in Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 633, 642, 650, and 652 (1999). Therefore, at a minimum, A.T. and O.T. can recover all of the compensatory damages, including emotional distress damages, they seek as outlined above in their Title IX Claim.

Similarly, the ADA would also permit A.T. and O.T. to recover all of the compensatory damages they seek as outlined above. When a school district violates 42 U.S.C. § 12132, as alleged in this case, it can be sued for damages under 42 U.S.C. § 12133. The Third Circuit has also already held that a plaintiff can recover compensatory damages when a school district intentionally violated the ADA. S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d at 261–62.

It is respectfully suggested that the most prudent way to proceed in this case is to try the matter, and allow the jury to consider emotional distress damages on the ADA and Title IX claims, but **not** on the Section 504 claim. The jury can then answer a jury questionnaire specifically isolating the damage award for emotional distress on the ADA and Title IX claims. If a defense verdict is rendered or if no damages are awarded on those claims, there are no issues for this Honorable Court to decide. If damages are awarded and precedential decisions come down following the trial, or the District appeals, and it is later determined emotional distress damages are not recoverable under the ADA and/or Title IX, the jury's verdict can be molded thereby avoiding another trial.

Although this issue has not been addressed by any other Court, it is unclear whether Cummings should be extended to public school districts at all. In Cummings, the United States Supreme Court specifically wrote "[i]n order to decide whether emotional distress damages are available under

5

the Spending Clause statutes we consider here, we therefore ask a simple question: Would a prospective funding recipient…have been aware that it would face such liability? If yes, then emotional distress damages are available; if not, they are not." Id. At 1570-71. As a threshold matter, the Cummings case concerned a private entity, not a public, governmental entity. As to school districts in the United States, school districts were absolutely aware that they could face liability for emotional distress damages because they had faced liability for those damages for literally decades. Furthermore, we know school districts in general and the District in particular were aware they could face such liability *because they have insurance to cover those losses*. Thus, consistent with the threshold question posed by the United States Supreme Court, because the District was aware that it could face such liability, emotional distress damages are available to A.T. and O.T.

II. **The State of the Law outside of the Third Circuit**

Predictably, a number of the cases citing Cummings deal with matters that are not at issue in this case, provide no analysis or guidance as how this case should be resolved, or decided the matter on another basis.[3] Although the District ignores these cases in its Brief, several Courts did

---

[3] See Cronkite v. Oklahoma ex rel. Oklahoma Att'y Gen., No. CIV-20-250-G, 2022 WL 2813392 (W.D. Okla. July 18, 2022); Plutt v. Armor Corr. Health Servs., Inc., No. 21-CV-02969-PAB-MDB, 2022 WL 4536234 (D. Colo. Sept. 28, 2022); Doe on behalf of Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee, 35 F.4th 459 (6th Cir. 2022); Getman v. Oregon Health & Sci. Univ., No. 3:21-CV-01408-SB, 2022 WL 1565693 (D. Or. May 18, 2022); In re Lookofsky, No. 1:20-BK-11823-MT, 2022 WL 3133770 (Bankr. C.D. Cal. Aug. 4, 2022); Marquez v. BHC Streamwood Hosp., Inc., No. 20-CV-4267, 2022 WL 4605522 (N.D. Ill. Sept. 30, 2022); J. B-K. by E.B. v. Sec'y of Kentucky Cabinet for Health & Fam. Servs., 48 F.4th 721 (6th Cir. 2022); Jones v. CVS Pharmacy, Inc., No. 1:21-CV-157, 2022 WL 4536124 (M.D. Pa. Sept. 28, 2022); Pak v. Guardian Life Ins. Co. of Am., No. 21-CV-05032-WHO, 2022 WL 3579880 (N.D. Cal. Aug. 19, 2022); S.G.P. v. Tehachapi Unified Sch. Dist., No. 122CV01066ADABAK, 2022 WL 4450750 (E.D. Cal. Sept. 23, 2022); S.W. v. Turlock Unified Sch. Dist., No. 120CV00266DADSAB, 2022 WL 2133789 (E.D. Cal. June 14, 2022), report and recommendation adopted, No. 120CV00266DADSAB, 2022 WL 3142098 (E.D. Cal. Aug. 5, 2022); T.S. by & through T.M.S. v. Heart of CarDon, LLC, 43 F.4th 737 (7th Cir. 2022); Snyder-Hill v. Ohio State Univ., 48 F.4th 686 (6th Cir. 2022); Doe v. Bd. of Educ. of Albuquerque Pub. Sch., No. 1:21-CV-01199 LF-SCY, 2022 WL 6582110 (D.N.M. Sept. 13, 2022); C.S. v. Madison Metro. Sch. Dist., 34 F.4th 536 (7th Cir. 2022); Doe 1 v. Curators of Univ. of Missouri, No. 19-CV-04229-NKL, 2022 WL 2881396 (W.D. Mo. July 21, 2022); Faller v. Two Bridges Reg'l Jail, No. 2:21-CV-00063-GZS, 2022 WL 3017337 (D. Me. July 29, 2022); J.C. v. Bd. of Regents of Univ. Sys. of Georgia, No. 1:20-CV-4445-JPB, 2022 WL 4331768 (N.D. Ga. Sept. 19, 2022); Luke v. Texas, 46 F.4th 301 (5th Cir. 2022); L.W. v. Roman Cath. Archdiocese

not extend Cummings to the ADA or Title IX. See Coleman v. Cedar Hill Indep. Sch. Dist., No. 3:21-CV-2080-D, 2022 WL 1470957, at 3 n. 2 (N.D. Tex. May 10, 2022); Doe v. Purdue Univ., No. 18-CV-89-JEM, 2022 WL 2828238, at *4 (N.D. Ind. July 20, 2022); Asfall v. Los Angeles Unified Sch. Dist., No. 20-55599, 2022 WL 2764747, at *4 (9th Cir. July 15, 2022); McKague v. HSCGP, LLC, No. 4:22CV00018, 2022 WL 3010472, at *5 (W.D. Va. July 29, 2022).

The remaining cases break down into two (2) categories. In cases where plaintiffs asserted damages in addition to emotional distress, i.e. the situation presented in this case, no Court has dismissed a case based on Cummings. See Doe v. Bd. of Regents of Univ. of Nebraska, No. 4:20CV3036, 2022 WL 3566990, at *4 (D. Neb. Aug. 18, 2022); Teresa Gillette v. State of Oregon, et. al., No. 3:20-CV-00513-IM, 2022 WL 2819057, at *7 n. 5 (D. Or. July 19, 2022); Doe next friend of Doe v. City of Pawtucket, No. CV 17-365-JJM-LDA, 2022 WL 4551953, at *3-4 (D.R.I. Sept. 29, 2022); Hejmej v. Peconic Bay Med. Ctr., No. 17CV782JMASIL, 2022 WL 4551696, at *1 (E.D.N.Y. Sept. 29, 2022); Montgomery v. D.C., No. CV 18-1928 (JDB), 2022 WL 1618741, at *24 (D.D.C. May 23, 2022); Joanna Chaitramv. Penn Medicine-Princeton Medical Center, No. 21-17583 (MAS) (TJB), 2022 WL 16821692, at *1–2 (D.N.J. Nov. 8, 2022); Doe 1 v. Curators of Univ. of Missouri, No. 19-CV-04229-NKL, 2022 WL 3366765, at *3 (W.D. Mo. Aug. 15, 2022); Doe v. Purdue Univ., No. 2:17-CV-33-JPK, 2022 WL 3279234, at *13 (N.D. Ind. Aug. 11, 2022).

In cases where plaintiffs **solely** asserted damages for mental distress, Courts have granted leave for plaintiffs to file amended Complaints in order to assert other damages. See Bonnewitz v. Baylor Univ., No. 621CV00491ADADTG, 2022 WL 2688399 (W.D. Tex. July 12, 2022); Hill v. SRS

---

of Indianapolis, Inc., No. 121CV02397JMSMJD, 2022 WL 2209914 (S.D. Ind. June 21, 2022); Wolfe v. City of Portland, No. 3:20-CV-1882-SI, 2022 WL 2105979 (D. Or. June 10, 2022).

Distribution Inc., No. CIV 21-370-TUC-CKJ, 2022 WL 3099649 (D. Ariz. Aug. 4, 2022); J.P. as Next Friend of A.S.W. v. Nebraska, No. 4:22-CV-3095, 2022 WL 5254121 (D. Neb. Oct. 6, 2022).

The caselaw cited above demonstrates that A.T. and O.T.'s case is not subject to dismissal. None of the thirty-seven (37) Courts applying Cummings have dismissed claims for compensatory economic damages pursuant to Cummings.

In Doe next friend of Doe v. City of Pawtucket, No. CV 17-365-JJM-LDA, 2022 WL 4551953, a student and her mother sued the City of Pawtucket and its school department, among others, under Title IX, because the student was raped, assaulted, and molested by other students over a two (2) year period. The District Court subsequently analyzed the impact of Cummings on the claims asserted. The Court ultimately concluded, consistent with Cummings, that student could recover her medical bills for injuries she suffered as a result of the assaults, as well as medical expenses she incurred for medical and psychological treatment stemming from the attacks. Id. at *3-4. A.T. and O.T. seek to recover exactly the same damages in this case.

In Wolfe v. City of Portland, No. 3:20-CV-1882-SI, 2022 WL 2105979, the United States District Court for the District of Oregon, specifically noted in its decision that although Cummings barred claims for emotional distress, it did **not** bar claims for other compensatory damages. Id. at *6. Just three (3) days ago, the United States District Court for the District of New Jersey concluded in Joanna Chaitram v. Penn Medicine-Princeton Medical Center, No. 21-17583 (MAS) (TJB), 2022 WL 16821692, that the case was not subject to dismissal under Cummings because plaintiff also sought compensatory damages for loss of opportunity, dignitary damages, and nominal damages. Id. at *1-2. These are all positions that A.T. and O.T. have taken since the Cummings issue arose in this case.

8

### III. **CONCLUSION**

For all of the foregoing reasons, it is respectfully requested that the District's Motion for Summary Judgment on Damages (ECF Document No. 129) be denied with the exception of A.T. and O.T.'s claim for damages for emotional distress pursuant to Section 504.

Respectfully Submitted,

Smith Mirabella Blake

/s/ Gregory A. Smith
By: _____

Gregory A. Smith, Esquire
Attorney I.D. No. 84189
Suite 303
100 North 20th Street
Philadelphia, Pennsylvania 19103
(215) 422-4100


/s/ David G. C. Arnold
By: _____

David G. C. Arnold, Esquire
Attorney I.D. No. 49819
2200 Renaissance Boulevard, Suite 270
King of Prussia, Pennsylvania 19406
(610) 397-0722

Attorneys for Plaintiffs,
A.T. and O.T.

Dated: <u>November 11, 2022</u>