Gregory A. Smith, Esquire
Smith Mirabella Blake
Suite 303
100 North 20th Street
Philadelphia, Pennsylvania 19103
(215) 422-4100

David G. C. Arnold, Esquire
2200 Renaissance Boulevard, Suite 270
King of Prussia, Pennsylvania 19406
(610) 397-0722

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A.T., Individually and as Parent and Natural Guardian of O.T., a Minor : :  Plaintiffs : V. : : Oley Valley School District, : et. al. :  Defendants : | Civil Action No. 5:17-CV-04983-JLS  **JURY TRIAL DEMANDED** |

### PLAINTIFFS' BRIEF IN OPPOSITION
### TO DEFENDANT, OLEY VALLEY SCHOOL
### DISTRICT'S MOTION TO SUPPLEMENT AUTHORITY

Plaintiffs, A.T. (mother) and O.T. (daughter), by and through their counsel of record, now file the present Brief in accordance Local Rule 7.1 of the United States District Court for the Eastern District of Pennsylvania. This Honorable Court ordered the parties to file supplemental briefing regarding the United States Supreme Court's decision in <u>Cummings v. Premier Rehab Keller, P.L.L.</u>, 142 S.Ct. 1562 (2022), on October 13, 2022. In its Order, this Honorable Court limited the parties' submissions to ten (10) pages. (ECF Doc. No. 140). Defendant, Oley Valley School District[1], filed its Brief as directed on October 27, 2022. (ECF Doc. No. 141). The District then

---

[1] Defendant, Oley Valley School District, will hereinafter be referred to as the "District."

violated this Honorable Court's Order by filing a Reply on November 16, 2022, and has now once again violated this Honorable Court's Order by filing the present Motion and Brief.

Notwithstanding the foregoing, A.T. and O.T seek relief in this action under Title IX of the Education Amendments of 1972 (Count I), Section 504 of the Rehabilitation Act (Count II),[2] and the Americans with Disabilities Act (Count II). See Amended Complaint (ECF Document No. 3). A.T. and O.T.'s Amended Complaint seeks both economic and non-economic damages. A.T. and O.T.'s Second Amended Pre-Trial Memorandum filed on April 28, 2022, articulates the following economic losses: (1). O.T.'s past medical expenses in excess of $600,000.00; (2). O.T.'s future medical expenses estimated between $1,153,058.00 and $4,976,212.00; (3). O.T.'s future Lost Income/Fringe Benefits estimated between $244,146.00 and $4,047,045.00; and (4). Counsel Fees and related litigation expenses exceeding $900,000.00. See Plaintiffs' Second Amended Pre-Trial Memorandum (ECF Document No. 121). A.T. and O.T. incorporate herein by reference their previously filed Briefs in Opposition to Defendant, Oley Valley School District's Motion for Summary Judgment on Damages. (ECF Document Nos. 133-2 and 142).

As noted in A.T. and O.T.'s previous filings on this issue, the relief requested in the District's pending Motion should be denied. Once again, in its attempt to erase decades of controlling caselaw which protects students like O.T. in the school environment, the District vastly and improperly overstates the impact of Cummings on private causes of action brought under Title IX, Section 504, and the ADA.

---

[2] Hereinafter referred to as the Section 504 Claim.

## ARGUMENT

In their prior Briefs, A.T. and O.T. have consistently taken the position that: (1). <u>Cummings</u> does not bar all of the compensatory damages they claim under Section 504 in light of the holdings in <u>Barnes v. Gorman</u>, 536 U.S. 181, 189 (2002), <u>Franklin v. Gwinnett Cnty. Pub. Sch.</u>, 503 U.S. 60, 66-71 (1992), and <u>S.H. ex rel. Durrell v. Lower Merion Sch. Dist.</u>, 729 F.3d 248, 261–262 (3d Cir. 2013); and (2). <u>Cummings</u> does not bar any of the Title IX and ADA damages they claim under <u>Franklin</u>, 503 U.S. at 66-71, <u>Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.</u>, 526 U.S. 629, 633, 642, 650, and 652 (1999); and <u>S.H.</u>, 729 F.3d at 261–262. The District has never addressed these arguments, and the caselaw cited in the District's present Brief gives no direction regarding how these arguments should be resolved.

The District's reliance on <u>C.S. v. Madison Metro. Sch. Dist.</u>, 34 F.4th 536 (7th Cir. 2022), <u>Marquez v. BHC Streamwood Hosp., Inc.</u>, No. 20-CV-4267, 2022 WL 4605522 (N.D. Ill. Sept. 30, 2022), <u>Chaitram v. Penn Med.-Princeton Med. Ctr.</u>, No. CV2117583MASTJB, 2022 WL 16821692 (D.N.J. Nov. 8, 2022), <u>Inko-Tariah v. House</u>, No. 22-CV-01365 (APM), 2022 WL 16852673 (D.D.C. Nov. 10, 2022), and <u>Mojsoski v. Indiana Wesleyan Univ.</u>, No. 1:22-CV-00019-SLC, 2022 WL 17338426 (N.D. Ind. Nov. 30, 2022), is curious because they do **not** assist in the resolution of the present case. In <u>C.S.</u> the Seventh Circuit affirmed a District Court's grant of summary judgment under Title IX because the plaintiff failed to establish that the District had actual knowledge of the conduct at issue and/or that the School District acted with deliberate indifference. <u>See</u> <u>C.S.</u>, 34 F.4th at 548. These issues have already been resolved in A.T. and O.T.'s favor. <u>See</u> Memorandum and Order (ECF Doc. Nos. 108 and 109).

The Federal District Court in <u>Marquez</u> dismissed a claim seeking injunctive relief under the ADA, Section 504, and the Affordable Care Act because plaintiff lacked standing to bring the

3

claim. See Marquez, No. 20-CV-4267, 2022 WL 4605522 (N.D. Ill. Sept. 30, 2022). These matters are not at issue in the present case. The United States District Court in Chaitram denied a Motion for Reconsideration to dismiss plaintiff's claim under Section 504 because the plaintiff sought damages in addition to damages for emotional distress. See Chaitram v. Penn Med.-Princeton Med. Ctr., No. CV2117583MASTJB, 2022 WL 16821692 (D.N.J. Nov. 8, 2022). This one of the positions that A.T. and O.T. have taken in their prior briefing. Chaitram was actually cited in A.T. and O.T.'s last Brief. See Plaintiffs' Supplemental Brief (ECF Doc. No. 142 page 7).

In Inko-Tariah, the United States District Court dismissed the claims of a deaf patron who sued several entities under Section 504 and Title III of the ADA when televisions inside a bar at the Washington National's Baseball Park did not have captioning. The patron's claim under Section 504 was dismissed under Cummings because, **unlike the situation in the present case**, he only sought damages for emotional distress. The claim for injunctive relief under the ADA was dismissed for lack of standing. See Inko-Tariah v. House, No. 22-CV-01365 (APM), 2022 WL 16852673 (D.D.C. Nov. 10, 2022). The United States District Court dismissed a plaintiff's claim under Title VI in Mojsoski v. Indiana Wesleyan Univ., No. 1:22-CV-00019-SLC, 2022 WL 17338426 (N.D. Ind. Nov. 30, 2022). There is no Title VI claim being made in the present case.

While the remaining cases the District cites extended Cummings to either the ADA or Title IX, this still should **not** result in the dismissal of A.T. and O.T.'s case. None of the cases are binding on this Honorable Court because they were not decided by either the United States Supreme Court or the United States Court of Appeals for the Third Circuit. See Faller v. Two Bridges Reg'l Jail, No. 2:21-CV-00063-GZS, 2022 WL 17260763 (D. Me. Nov. 2, 2022); Doe v. Duerfahrd, No. 4:18-CV-72-JVB-JEM, 2022 WL 17253080 (N.D. Ind. Nov. 28, 2022); Party v. Arizona Bd. of Regents, No. CV-18-01623-PHX-DWL, 2022 WL 17459745 (D. Ariz. Dec. 6,

2022); K.G. v. Woodford Cnty. Bd. of Educ., No. CV 5:18-555-DCR, 2022 WL 17993127 (E.D. Ky. Dec. 29, 2022). Moreover, the District Courts in each of the aforementioned cases indicated that they would **not** dismiss the case if the plaintiff sought damages in addition to emotional distress damages. See Faller v. Two Bridges Reg'l Jail, No. 2:21-CV-00063-GZS, 2022 WL 17260763; Doe v. Duerfahrd, No. 4:18-CV-72-JVB-JEM, 2022 WL 17253080; Party v. Arizona Bd. of Regents, No. CV-18-01623-PHX-DWL, 2022 WL 17459745; K.G. v. Woodford Cnty. Bd. of Educ., No. CV 5:18-555-DCR, 2022 WL 17993127. As noted above, A.T. and O.T. seek damages in the present case in addition to damages for emotional distress; therefore, even if this Honorable Court agrees with the disposition of the aforementioned cases, it should **not** dismiss the present case.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the District's Motion for Permission to Supplement Authority to Pending Motion for Summary Judgment on Damages (ECF Document No. 144) be denied.

Respectfully Submitted,

Smith Mirabella Blake

By: /s/ Gregory A. Smith
_____

Gregory A. Smith, Esquire
Attorney I.D. No. 84189
Suite 303
100 North 20th Street
Philadelphia, Pennsylvania 19103
(215) 422-4100

5

                    /s/ David G. C. Arnold

By: _____

David G. C. Arnold, Esquire
Attorney I.D. No. 49819
2200 Renaissance Boulevard, Suite 270
King of Prussia, Pennsylvania 19406
(610) 397-0722

Attorneys for Plaintiffs,
A.T. and O.T.

Dated: <u>January 20, 2023</u>

6