**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **A.T., INDIVIDUALLY and as PARENT AND NATURAL GUARDIAN OF O.T., a minor** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 17-4983** |
| | : | |
| **OLEY VALLEY SCHOOL DISTRICT** | : | |
| | : | |

**MEMORANDUM**

**SCHMEHL, J. /s/ JLS** **FEBRUARY 1, 2023**

Plaintiffs brought this action alleging that Plaintiff O.T. was harassed and bullied while a student at Oley Valley High School ("OVHS") following her alleged rape by the older brother of a female friend and classmate. The harassment allegedly occurred periodically between November, 2015 and October, 2016. Plaintiffs claim that as a result of the harassment and bullying, O.T. attempted suicide, had to be hospitalized in a psychiatric unit on three separate occasions, had to enroll in an out of district special placement facility and ultimately had to transfer to another school district in October, 2016. Plaintiffs claim that officials from Defendant Oley Valley School District ("OVSD") failed to take any action to stop the harassment and bullying despite being repeatedly informed of same by the Plaintiffs. In a previous Memorandum and Order, the Court denied the OVSD's motion for summary judgment on liability. [ECF 108 and 109.] Presently before the Court is OVSD's motion for summary judgment on damages. The Court held oral argument on the OVSD's motion. Following the oral argument, the Court directed the parties to file supplemental briefing on OVSD's motion. The parties have done so. For the reasons that follow, the motion is granted in part and denied in part.

In Count I of their Amended Complaint, Plaintiffs assert a claim for compensatory damages against the OVSD for violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq*. [ECF 3 at ¶¶ 168-180]. Count II asserts a claim for compensatory damages against the OVSD for violation of Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794(a), and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. [ECF 3 at ¶¶ 181-188.]

The Amended Complaint seeks compensatory damages for both counts as follows: "severe emotional distress, fear embarrassment, humiliation, mental distress, a loss of life's pleasure and the loss of enjoyment of life, the inability [of O.T.] to engage in her usual and customary activities, has to withdraw from the school district and move, pain, suffering, was horrifically bullied, harassed and intimidated, multiple suicide attempts, self-harm with scarring and suicidal ideation, some or all of which may be permanent in nature, to her great detriment and loss." [ECF 3 at ¶ 78.]

The Amended Complaint further alleges that "O.T. underwent extensive psychiatric and psychological care, including multiple inpatient hospitalizations, and will need to undergo extensive psychiatric and psychological care in the future, to her great detriment and loss." (*Id.* at ¶ 179.)

Finally, the Amended Complaint alleges that "Plaintiff A.T. has in the past and will in the future suffer economic losses that include, but are limited to, costs associated with moving, medical bills for the psychiatric, psychological, emotional, and physical care and treatment of O.T., to her great detriment and loss." (*Id.* at ¶ 180.)

The Plaintiffs assert the exact same damage claims in Count II. (*Id*. at ¶¶ 186-188.)

Plaintiffs' Second Amended Pre-Trial Memorandum filed on April 28, 2022, sets forth the following monetary damages: "1. Past Medical Expenses: In excess of $600,000.00 (Final Lien Information still pending); 2. Future Medical Expenses: $1,153,058.00-$4,976,212.00; 3. Future Lost Income/Fringe Benefits: $244,146.00-$4,047,045.00; 4. Past Pain and Suffering/Mental Distress; 5. Future Pain and Suffering/Mental Distress; 6. Legal Fees; 7. Litigation Expenses." (ECF 121.)

The Supreme Court has held that compensatory damages are available for intentional violations of Title IX. *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 70-71 and 76 (1992). Likewise, the Supreme Court has held that compensatory damages are available for intentional violations of Section 504 of the Rehabilitation Act. *Id; Barnes v. Gorman*, 536 U.S. 181, 185, 187 (2002); See also *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261–62 (3d Cir. 2013).

Citing the recent decision from the Supreme Court in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022), the OVSD argues that all of Plaintiff's claims for emotional damages under Title IX, Section 504 of the RA and the ADA must be dismissed. According to the OVSD, once the claims for emotional damages are dismissed there would no longer be any viable damage claims remaining and, therefore, the OVSD would be entitled to summary judgment on the entire action.

Plaintiffs respond that, pursuant to *Cummings*, only their claims for emotional damages under Section 504 of the RA should be dismissed and, in any event, they seek additional compensatory damages besides emotional damages.

In *Cummings*, the Supreme Court held that a plaintiff suing under Section 504 of the RA, and Section 1557 of the Patient Protection and the Affordable Care Act ("ACA"),

42 U.S.C.§ 18116, cannot recover compensatory damages for emotional distress. 142 S.Ct. at 1576. The Supreme Court based its decision on the fact that the Spending Clause statutes were passed pursuant to Congress's powers under the Spending Clause of the Constitution and a Spending Clause funding recipient is only subject to "those remedies traditionally available in suits for breach of contract." *Id*. at 1571. Emotional damages are not traditionally available in breach of contract actions. *Id*. (citations omitted). The Court reasoned that since emotional damages are generally not available in breach of contract actions, federal funding recipients would not have clear notice at the time they were deciding whether they should accept federal dollars of their potential liability for emotional damages. *Id*. at 1572–74.

In arguing that the *Cummings* holding only applies to claims brought under the RA and ACA, Plaintiffs seize upon the last paragraph of the Opinion wherein the Court writes, "[f]or the foregoing reasons, we hold that emotional distress damages are not recoverable under the Spending Clause statutes we consider here." *Id*. at 1576. However, in its opinion, the Supreme Court expressly noted that Congress enacted **four** statutes pursuant to its Spending Clause authority that proscribe federal funds recipients from discriminating against persons based on protected characteristics. *Id.* at 1569. The Supreme Court also specifically listed Title IX as one of the four statutes (in addition to Title VI of the Civil Rights Act of 1964, the RA and the ACA) that was enacted pursuant to Congress's Spending Clause powers. *Id*. at 1569-1570. It follows then that although the *Cummings* decision involved only claims brought under the RA and the ACA, it would also extend to an implied right of action brought under another Spending Clause statute, Title IX. After all, it would make little sense for the Supreme

Court to have limited its holding to only two of the statutes the Court itself stated were enacted pursuant to the Spending Clause while not applying it to the remaining two statutes (Title IX and Title VI) the Court explicitly stated were also enacted pursuant to the Spending Clause. And, indeed, the Supreme Court specifically refers collectively to the "Spending Clause statutes" in other parts of the *Cummings* decision. 142 S.Ct. at 1570.

While our Court of Appeals has not had occasion to consider the issue, nearly every Court from other Circuits that have considered the issue have concluded that the *Cummings* decision applies to Title IX as well. See *K.G. v. Woodford County Board of Education* 2022 WL 17993127 at *3 (E.D. Ky. December 29, 2022); *Unknown Party v. Arizona Board of Regents, et al,* 2022 WL 17459745 at * 4 (D. Ariz. December 6, 2022); *T.F., Ted F., Leah F. v. Greenwood ISD,* 2022 WL 17477597 at *9 (W.D. Tex. December 5, 2022); *Does v. Duerfahrd and Purdue University*, 2022 WL 17253080 at * 1 (N.D. Ind. November 28, 2022); *Doe next friend of Doe v. City of Pawtucket*, No. CV 17-365-JJM-LDA, 2022 WL 4551953, at *2-3 (D.R.I. Sept. 29, 2022); ("While the Supreme Court's holding in *Cummings* was limited to the ACA and RA, the opinion's underlying reasoning forces the same conclusion for Title IX....The Supreme Court's opinion in *Cummings* therefore dictates that emotional distress damages are unavailable in private suits to enforce Title IX."); *J.C. v. Bd. of Regents of Univ. Sys. of Georgia,* No. 1:20-CV-4445-JPB, 2022 WL 4331768 (N.D. Ga. Sept. 19, 2022); *Doe v. Bd. of Educ. of Albuquerque Pub. Sch*., No. 1:21-CV-01199 LF-SCY, 2022 WL 6582110 (D.N.M. Sept. 13, 2022); *Doe v. Curators of Univ. of Missouri*, No. 19-cv-04229-NKL, 2022 WL 3366765, at *2-3 (W.D. Mo. Aug. 15, 2022) (holding that *Cummings* also

covers Title IX claims); *Doe v. Purdue University*, 2022 WL 3279234, at *13 (N.D. Ind. August 11, 2022); *Bonnewitz v. Baylor Univ*., No. 6:21-cv-00491-ADA-DTG, 2022 WL 2688399 at *3-4 (W.D. Tex. July 12, 2022)( **"**Damages for emotional distress are not recoverable for violations of anti-discrimination statutes, including Title IX." ); *Montgomery v. District of Columbia,* 2022 WL 1618741 at *24 (D.D.C. May 23, 2022).

Plaintiffs direct the Court's attention to a minority of cases from other districts which declined to preclude evidence of emotional distress damages in a Title IX case even after the *Cummings* decision. *See e.g*. *Coleman v. Cedar Hill Indep. Sch. Dist*., No. 3:21-CV-2080-D, 2022 WL 1470957, at * 3 n. 2 (N.D. Tex. May 10, 2022) ("Because Coleman's claims are not limited to the Rehabilitation Act, *Cummings* does not alter the court's analysis as it relates to her other claims."); *Doe v. Purdue Univ*., No. 18-CV-89-JEM, 2022 WL 2828238, at *4 (N.D. Ind. July 20, 2022) ("[b]ecause *Cummings* was not a Title IX action, it does not make evidence of emotional distress or harm inadmissible in this case.") ; *McKague v. HSCGP, LLC*, No. 4:22CV00018, 2022 WL 3010472, at *5 (W.D. Va. July 29, 2022). Indeed, at least one Court has criticized the Court's decision in *Doe v. Purdue Univ., supra* by stating "[w]hile not authoritative, to the extent that this opinion provides persuasive value, there is little to be found. Such an opinion made a conclusory statement that is against the thrust—even if relegated to dicta—of the Supreme Court's opinion in *Cummings*." *Doe v. City of Pawtucket* at *3. This Court agrees that none of these decisions fully analyzed the issue of *Cummings*' implications for all Spending Clause legislation as did the majority of decisions cited above.

The other cause of action Plaintiffs bring is based on the ADA. Although the ADA was not passed pursuant to Congress's powers under the Spending Clause and is therefore not linked to federal funding, the ADA itself states that the remedies in § 505(a)(2) of the RA "shall be the remedies, procedures, and rights" for individuals alleging disability discrimination under § 202 of the ADA." 42 U.S.C. § 12133. In addition, the Supreme Court has noted that "the remedies for violations of § 202 of the ADA and § 504 of the RA are coextensive with the remedies available in a private cause of action under Title VI of the Civil Rights Act of 1964." *Barnes,* 536 U.S. at 185. Both the RA and Title VI are Spending Clause legislation. *Cummings,* 142 S.Ct. at 1569. Thus, the fact that the ADA was not enacted pursuant the Spending Clause is "quite irrelevant." *Barnes*, 536 U.S. at 189 n.3 (2002). See also *Ingram v. Kubik*, 30 F. 4th 1241, 1259 (11th Cir. 2022). ("Although Title II is not Spending Clause legislation, its text expressly incorporates the remedies available under a statute that is—Title VI."); *J.P., as Next Friend of A.S.W. v. Nebraska*, No. 4:22-CV-3095, 2022 WL 5254121, at *6 (D. Neb. Oct. 6, 2022). *Hill v. SRS Distribution Inc.*, No. CIV 21-370-TUC-CKJ, 2022 WL 3099649, at * 5 (D. Ariz. Aug. 4, 2022); *Faller v. Two Bridges Reg'l Jail*, No. 2:21-CV-00063-GZS, 2022 WL 3017337, at *4 n.8 (D. Me. July 29, 2022); *Gillette v. State of Oregon, et. al*., No. 3:20-CV-00513-IM, 2022 WL 2819057, at *7 n. 5 (D. Or. July 19, 2022); *Wolfe v. City of Portland*, No. 3:20-CV-1882-SI, 2022 WL 2105979, at *6 (D. Or. June 10, 2022). Therefore, although the ADA is not Spending Clause legislation, its text expressly incorporates the remedies available under a statute that is—the RA. Plaintiffs may therefore not seek compensatory emotional damages under the ADA in this action.

Although *Cummings* bars claims for compensatory **emotional** damages under Section 504 of the RA, Title IX and the ADA, there is nothing in the decision that bars a plaintiff from seeking other forms of compensatory damages under these three statutes. *See e.g*. *Doe v. City of Pawtucket*, at *3-4 (compensatory damages in the form of medical expenses resulting from physical injuries permitted under *Cummings*); *Chaitram v. Penn Medicine-Princeton Medical Center*, No. 21-17583 (MAS) (TJB), 2022 WL 16821692 at *1-2 (compensatory damages for loss of opportunity, dignitary damages, and nominal damages permitted under *Cummings*); *Montgomery v. District of Columbia,* 2022 WL 1618741 at *25 (D.D.C. May 23, 2022) (**"[**W]hile [the plaintiff] cannot recover either emotional distress or reputation damages in light of *Cummings*, he may be able to recover some small amount of damages to compensate him for the opportunity he lost when he was denied the ability to meaningfully access and participate in his [police] interrogations.").

In sum, the OVSD is entitled to summary judgment on all of Plaintiffs' claims for compensatory **emotional distress** damages brought under Title IX, Section 504 of the RA and the ADA. These include Plaintiffs' claims for past, present and future medical expenses based on emotional distress such as bipolar disorder, anxiety, humiliation, embarrassment, frustration and alcohol and drug addiction and past, present and future emotional pain and suffering/mental distress. Plaintiffs' claims for lost income, lost opportunity, fringe benefits, attorney fees, costs and any other non-emotional distress compensatory damages shall remain.